# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1751V

| | |
|---|---|
| N.L.,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 10, 2022<br><br>Order; Motion for Redaction; Special Processing Unit (SPU); Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*William Glenn Perry, The Perry Law Firm, P.A., Greenville, NC, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

### ORDER GRANTING IN PART MOTION TO REDACT[1]

On November 12, 2019, N.L. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged a Table claim - that she suffered a left shoulder injury related to vaccination administration ("SIRVA") caused-in-fact by the influenza ("flu") vaccine she received on December 2, 2016. Petition at 1, ¶¶ 2,18.

On December 6, 2021, I dismissed Petitioner's claim for a failure to preponderantly establish that she suffered the residual effects of her alleged SIRVA for more than six

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **In light of the undersigned's conclusion below, I intend to post this Order with a redacted caption**. To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

months. ECF No. 32; *see* Section 11(c)(1)(D)(i) (statutory six-month requirement). Two weeks thereafter, Petitioner file a motion to redact several references to medical conditions unrelated to her alleged SIRVA. ECF No. 33. Several days later, Respondent filed his response. ECF No. 34. Petitioner did not file a reply.

For the reasons stated below, I hereby grant Petitioner's motion in part, and order that her name be redacted to initials in the Dismissal Decision issued on December 6, 2021 at ECF No. 32.

### I.     Parties' Arguments

On December 20, 2021, Petitioner filed a timely motion seeking "the redaction of certain medical information from the Decision of the Special Master dated December 4, 2021 (D.E. 32) as disclosure of this medical information constitutes a clearly unwarranted invasion of privacy." Petitioner's Motion for Redaction of the Decision of the Special Master ("Motion") at 1. She provided no further explanation or argument, but included a copy of the Dismissal Decision with "Redacted" replacing the language in three instances. *Id.* at 3-7 (showing three areas of redacted information on the third page).

In his response, filed on December 22, 2020, Respondent generally discusses the requirements for redaction under the Act. Respondent's Response to Petitioner's Motion ("Opp.") at 2-5, ECF No. 34. He declares that "Congress's requirement that decisions of special masters 'shall be disclosed' is evidence that Congress recognized the public's interest in understanding the bases for the special masters' adjudication of the merits of these claims." *Id.* at 4. Although he maintains that "[P]etitioner has not shown how disclosure of the language that she proposes to redact constitutes a clearly unwarranted invasion of privacy," he defers to my discretion "to determine the remedy that strikes the appropriate balance between the public and private interests in this instance." *Id.* at 5. He adds, however, that "[t]here is also a significant Program interest in not having every case caption reduced to initials." *Id.* at 5 n.1.

### II.    Legal Standard

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). The Act requires disclosure of the

decisions of the special masters or the court but provides for redaction of certain categories of information – "medical files and similar files" – but only if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord.* Vaccine Rule 18(b).

The Vaccine Rules allows the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). Although adult petitioners' names are not afforded this automatic protection, they may be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *but see Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). There is a notable public interest in knowing the vaccination and medical information related to a petitioner's injury but no public interest in knowing a petitioner's name. *A.K. v. Sec'y of Health & Human Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013).

*W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g., K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

### III.    Analysis

Because Petitioner has not specified the reason(s) she believes disclosure would constitute an unwarranted invasion of privacy, I can only assume it is the desire, shared by many, to avoid disclosure of her medical information. However, much of the medical

information she seeks to redact involves common conditions, experienced by many individuals, such as insomnia and GERD (gastroesophageal reflux disease). Additionally, the public has a strong interest in knowing Petitioner's medical history and understanding the basis for the dismissal of Petitioner's claim. And Petitioner has not provided sufficient evidence to show that the disclosure of the medical information she seeks to redaction would constitute the required *clearly unwarranted* invasion of privacy needed to counter this interest.

In contrast, there is no public interest in the disclosure of Petitioner's full name. Although I credit Respondent's argument regarding the confusion which would be created if every case caption were reduced to initials, we have not yet encountered such sweeping circumstances. Furthermore, each case is readily distinguishable by its individual case number.

Thus, I find that it is appropriate to redact Petitioner's name to reflect her initials only but will permit no further redaction of the Dismissal Decision. The disclosure of the medical information that Petitioner seeks is necessary to inform the public of the type of injuries related to the vaccination Petitioner received and factors to be considered when determining if compensation is warranted. Such information would not be appropriate for redaction under the Vaccine Act given the public's interest in disclosure of possible vaccine-related injuries. *See W.C.*, 100 Fed. Cl. at 461. Furthermore, I find that none of this information, either singularly or in the aggregate, is sufficient to identify the Petitioner in this case, and Petitioner has not otherwise shown why redaction of her medical information is justified. The more limited redaction is sufficient to protect Petitioner's legitimate concerns.

## IV.   Conclusion

For the reasons set forth above, I hereby determine that Petitioner has not established grounds for redaction she seeks. I will, however, provide partial protection by redacting Petitioner's full name to her initials. I therefore **GRANT IN PART** the motion **filed by Petitioner on December 20, 2021 at ECF No. 33.**

**The Clerk of this Court is hereby instructed to change the caption of this case to the caption above.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master